# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON JAMES SALES,

                        Plaintiff,

v.                                           Case No. 17-CV-110-JPS

SOCIAL SECURITY ADMINISTRATION,

                        Defendant.            **ORDER**

On January 24, 2017, the defendant removed this action from Milwaukee County Circuit Court. (Docket #1). That same day, it filed a motion to dismiss the plaintiff's complaint. (Docket #5). The plaintiff's response to the motion was due on or before February 14, 2017. *See* Civil L. R. 7(b). Today is February 22, 2017, and the Court has yet to receive the plaintiff's response. It will, therefore, treat the defendant's motion as unopposed.

This alone would be ground enough to grant the motion, *see* Civil L. R. 7(d), but defendant's motion has merit in any event. The United States Supreme Court holds that "'jurisdiction of the federal court upon removal is, in a limited sense, a derivative jurisdiction.'" *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Thus, "'[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none [upon removal], although in a like suit originally brought in federal court it would have had jurisdiction.'" *Id*.

The doctrine applies to the plaintiff's claim. The entirety of the plaintiff's allegations against the defendant are "for useing [sic] S/S/W

number to buy properties[.]" (Docket #1-1 at 2). Generously construed, this appears to be a claim for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-80. Federal courts have exclusive jurisdiction of such claims. *Id.* § 1346. Milwaukee County Circuit Court had no jurisdiction to hear the claim when the plaintiff filed it there, and so this action must be dismissed for want of subject matter jurisdiction.[1]

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (Docket #5) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1]The defendant neither cites nor grapples with the complexities of the doctrine as discussed in *Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011). The Court has nevertheless reviewed the decision and finds that it does not change the result here. In short, the issues may remain as posed by the defendant because this matter is at its earliest stages and not reduced to judgment. *See id.* at 622-25.